UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lamar Brundidge,

    Plaintiff,                             Case No. 08-20482

                                        Honorable Sean F. Cox

v.

State Farm Fire and Casualty Company,

    Defendant.

_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this action after his insurer denied his insurance claim following an alleged theft of property from Plaintiff's business. The matter is before the Court on Plaintiff's Motion for Summary Judgment, wherein Plaintiff essentially ignores Defendant's stated affirmative defenses and asks the Court to grant summary judgment in his favor as to liability. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions shall be decided based on the briefs. For the reasons below, the Court shall DENY Plaintiff's motion.

BACKGROUND

Plaintiff Lamar Brundidge ("Plaintiff") filed this action against Defendant State Farm Fire and Casualty Company ("Defendant") in Wayne County Circuit Court on February 3, 2009. Defendant then removed the action to this Court based upon diversity jurisdiction.

Plaintiff's complaint alleges that on September 3, 2008, he was insured with Defendant

1

"under the provisions of an insurance policy, Policy No. 92-PE-7884-8, Claim No. 22-M415-762, issued by the Defendant, for business personal property located in a building at 22411 Plymouth Rd., Detroit, Michigan 48239."  (Compl. at ¶ 4).  Plaintiff alleges that "[o]n September 3, 2008, Plaintiff had a break-in and theft of business personal property at 22411 Plymouth Rd., Detroit, Michigan, within the meaning of the policy."  (Compl. at ¶ 6).  He alleges that he submitted a proof of loss with Defendant, which was improperly denied.  Plaintiff's complaint contains appears to contain two counts: 1) a claim that Defendant breached the insurance contract; and 2) a claim that Defendant violated the Michigan Uniform Trade Practice Act, M.C.L. § 500.2001 *et seq*., by failing to pay Plaintiff's claim within 60 days of presentation to it of satisfactory proof of loss.[1]

On March 13, 2009, Defendant filed its Answer to the Complaint, along with its Affirmative Defenses.  (Docket Entry No. 2).  In Answering the Complaint, Defendant admitted that, on September 3, 2008, Plaintiff was insured by Defendant under Policy No. 92-7884-8 ("the Policy").

In response to Paragraph 6 of Plaintiff's complaint, alleging that on September 3rd Plaintiff had a theft of business personal property within the meaning of the policy, Defendant stated as follows:

> 6. Admitted.  In further answer, Plaintiff's claim was denied based in part on Plaintiff's fraudulent exaggeration of his claim, his producing false documents in support of his claim, and his failure to comply with the policy's conditions.

(Answer at ¶ 6). In response to Paragraph 8 of Plaintiff's complaint, alleging that Defendant

---

[1] These counts are titled "Count II" and "Count III," but the complaint does not contain a "Count I."

refuses to pay Plaintiff's claim, Defendant stated as follows:

> 8. Admitted. In further answer State Farm avers that the Plaintiff is not entitled to recover under the policy for all of the reasons set forth in State Farm's Affirmative Defenses hereto.

(Answer at ¶ 8). Defendant then states eight separate affirmative defenses to Plaintiff's complaint: 1) failure to state claims; 2) concealment or fraud; 3) dishonesty and entrustment exclusions; 4) non-compliance with loss requirements; 5) claim of offset; 6) insurable interest; 7) claim in excess of limit of liability; and 8) reservation of rights.

On June 24, 2009, Plaintiff filed this Motion for Summary Judgment.

## ANALYSIS

In his motion and supporting brief, Plaintiff asserts that this case is "relatively straightforward, Plaintiff suffered loss; Plaintiff was insured for the loss; Defendant refuses to pay. Plaintiff now moves for summary judgment on the issue of liability." (Pl.'s Br. at 2). Plaintiff asserts that the only issue for the jury to decide is the amount of damages Plaintiff is entitled to under the policy. (*Id*.). In asserting that he is entitled to summary judgment on the issue of liability, Plaintiff asserts:

> Summary judgment on the issue of liability is proper as, looking in a light most favorable to Defendant, there is no doubt Plaintiff was insured and suffered a loss. Assuming for the purposes of this motion, even if this Court finds a genuine issue as to liability and coverage, Plaintiff points to Defendant's Answer to Complaint whereby it is admitted that a loss occurred and there was an insurance policy with Defendant.

(Pl.'s Br. at 4).

In response to Plaintiff's motion, Defendant asserts that issues of fact preclude summary judgment and that Plaintiff's motion is frivolous because it simply ignores Defendant's affirmative defenses. Defendant asks the Court, on its own initiative, to sanction Plaintiff for

filing a frivolous motion.  Defendant states:

> This case stems from the denial of an insurance claim related to a theft of business property from a automotive electronics store (Detroit Boomerzz) purportedly owned by the Plaintiff and insured by [Defendant].  After conducting an investigation into the claim, including the examination under oath of the Plaintiff's representative, [Defendant] denied liability because, among other reasons, the Plaintiff violated the concealment or fraud provisions of the subject policy, and because the theft was caused, in whole or in part, by the Plaintiff, his business partner, or employees to whom the property was entrusted, for which coverage is specifically excluded under the policy.
>
> Summary judgment is inappropriate in this case because the issue in this case is whether the Plaintiff engaged in fraudulent conduct with the intent to defraud [Defendant], which is a question of fact for the jury.  Further, the Plaintiff's claim that because [Defendant] admitted that a theft occurred means that the only issue remaining in dispute is damages, misrepresents the law and the express language of the policy regarding fraud.  In addition, the Plaintiff's motion simply ignores [Defendant's] other defenses, which further preclude coverage for the claimed theft.

(Def.'s Br. at 1).  Defendant's brief then outlines, on pages 2, 3, and 4, its defenses to Plaintiff's claim, as well as the provisions in the Policy upon which they are based.

In his *Reply Brief*, Plaintiff asserts, *for the first time*, that there is no evidence to support Defendant's fraud defense.  He also asserts, *for the first time*, that Defendant's affirmative defense that Plaintiff and/or his agents were involved in the theft lacks evidentiary support.  Plaintiff does not cite any cases wherein evidence similar to that offered by Defendant was deemed insufficient.

It is well established within the Sixth Circuit that arguments are waived when they are raised for the first time in a reply to a motion.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)(issues are waived when they are raised for the first time in a reply brief); *see also International-Matex Tank Terminals-Illinois v. Chemical Bank,* 2009 WL 2423756 (W.D. Mich. 2009).  Because Plaintiff's motion and supporting brief did not challenge the evidentiary support

for Defendant's reasons for denying his claim, this Court could simply deny Plaintiff's motion on that ground alone.

Nevertheless, on August 31, 2009, Defendant filed a supplemental brief that attaches evidentiary support for its stated reasons for denying Plaintiff's claims. Accordingly, the Court concludes that Plaintiff has failed to establish that he is entitled to summary judgment and shall deny the motion.[2]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED. IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

---

[2] The Court declines Defendant's request that it impose sanctions against Plaintiff.